### PIVAL v B. F. GOODRICH CO.

Ohio Appeals, 9th Dist, Summit Co.

No. 3059.   Decided Dec. 21, 1938.

Land & Land, Cleveland, and Leonard M. Bertsch, Akron, for appellee.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellant.

## OPINION

PER CURIAM:

This appeal on questions of law from a judgment in favor of the plaintiff below upon a claim for accidental injury, sustained within the course of his employment, brings before this court for review three assignments of error, as stated in the brief of appellant.

1. Did the Court of Common Pleas have jurisdiction of the subject of the

action, and the right to hear and determine the cause?

This claim arises out of the fact that the claimant first filed an application for compensation for occupational disease, which was denied, and later filed what the commission construed to be an application for compensation for an accidental injury; and we agree with the construction put upon that application by the Industrial Commission. We further find that said application was filed within the two-year limitation provided by law, and that what had occurred in reference to the preceding application was not res adjudicata of the latter application. We further find that the commission denied said latter application upon a jurisdictional ground, which was duly appealed to the Court of Common Pleas, and that therefore the Court of Common Pleas had jurisdiction of the subject of the action and the right to hear and determine the cause.

2. Did the evidence adduced give rise to conflicting inferences as to whether Pival's employment had some causal connection with his alleged accidental injury of September 26, 1932, either through its activities, its conditions, or its environments, so as to present a question of fact for the determination of the jury?

This question is answered in the affirmative.

3. Was the evidence adduced sufficient to sustain the verdict of the jury's finding in favor of appellee's right to participate in the workmen's compensation fund?

We conclude that the jury's finding in favor of the appellee's right to participate in the Workmen's Compensation fund is not manifestly against the weight of the evidence.

The judgment will therefore be affirmed.

STEVENS, PJ., WASHBURN, J. and DOYLE, J., concur.

ON APPLICATION FOR REHEARING

No. 3059. Decided Jan. 11, 1939.

PER CURIAM:

The application of appellant for a rehearing herein states that the court in its memorandum opinion heretofore announced, apparently overlooked the separate assignments of error that were filed, which it is stated were eight in number, and particularly the question of proximate cause.

The short opinion set forth the assignments of error made in the brief of the appellant, and stated the conclusions that the court reached in reference to each one of them. Such assignments of error were the ones that were apparently relied upon, and were the only ones stated in the brief.

However, as the question of proximate cause is referred to in the application for a rehearing, and is the only assignment of error referred to therein, we state our conclusion in reference thereto to be that, as we remember the record, the appellee went to work as usual on the morning in question; that he performed his work satisfactorily until about 10 o'clock, when a substance that he was working with was splashed into his eye; that thereupon he immediately became blind, and was taken to the dispensary and there found by the attendants to be blind; and that he was thereafter taken home.

We consider such evidence as justifying the finding of the jury that the accident of substance being splashed into appellee's eye was the proximate cause of the injury to his eye which admittedly immediately followed, the extent of which injury is not for the determination of a court under the Workmen's Compensation Act.

As to the other grounds of error separately set out in the assignments of error filed in this court but not presented in brief or argument, all of them are resolved against the appellant.

The application for a rehearing is denied.

STEVENS, PJ., WASHBURN & DOYLE, JJ., concur.